ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
NO. 3:10-cv-633-H

CYNTHA BINFORD, *Plaintiff*

vs. **COMPLAINT**

STERLING AND KING, INC.,

*Defendant*

\* \* \* \* \* \* \*

NOW COMES Plaintiff, CYNTHA BINFORD, by and through her attorneys, KROHN & MOSS, LTD., and for her Complaint against Defendant, STERLING AND KING, INC., alleges and affirmatively states as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq*. ("FDCPA").

## PARTIES

2. Plaintiff, CYNTHA BINFORD ("Plaintiff") is an individual who was at all times relevant hereto residing in the State of Kentucky, County of Jefferson, City of Louisville.

3. Plaintiff is a consumer as that term is defined by 15 *U.S.C. § 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term in defined by 15 *U.S.C. § 1692a(5)*.

4. Defendant is a debt collector as defined by *15 U.S.C. § 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

5. Defendant is a national corporation with its headquarters in Casselberry, Florida.

6. Defendant has acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

8. Defendant conducts business in the State of Kentucky, and therefore, personal jurisdiction is established.

9. Venue is proper under *28 U.S.C. § 1391(b)(2)*.

## FACTUAL ALLEGATIONS

10. Defendant is collecting upon a personal loan from Plaintiff from Up Front in approximately the amount of $175.00.

11. During the month of August 2010, Defendant started placing collection calls to Plaintiff requesting calls back to number 888-740-8711.

12. On or about August 10, 2010, Defendant's representative by the name of Taylor ("Taylor"), informed Plaintiff's father, James Binford ("Binford"), that he was an investigator and was looking into Plaintiff's bank fraud activity.

13. Taylor further informed Binford that he had "already contacted Plalintiff's employer advising them of this matter."

14. Binford requested that Taylor never call him again regarding this matter; however, Taylor informed Binford that he would call "any time he wanted to."

15. Plaintiff proceed to call Taylor, but was transferred to another one of Defendant's representatives who informed Plaintiff that Defendant had "already submitted this case."

16. Defendant further informed Plaintiff that papers were filed requesting "six months of probation" for Plaintiff and stating it would "see Plaintiff in court," and Plaintiff would "have to pay for a counseling."

17. Taylor informed Plaintiff that he was going to contact Plaintiff's employer to advise them of Plaintiff's "check fraud" and that Plaintiff was "using company email to fax and apply for loans."

18. Upon information and belief, Defendant has not taken any legal action against Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT
## COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(b)* of the FDCPA by communicating with third parties without prior consent of Plaintiff in connection with the collection of the debt;
   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt;
   c. Defendant violated *§1692e* of the FDCPA by using false, deceptive or misleading representation or mean in connection with the collection of Plaintiff's debt;
   d. Defendant violated *§1692e(5)* of the FDCPA by threatening to take an action that cannot legally be taken or that is not intended to be taken;
   e. Defendant violated *§1692e(7)* of the FDCPA by falsely representing that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff;
   f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector;
   g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication were from a debt collector.

## PRAYER FOR RELIEF

20. WHEREFORE, Plaintiff, CYNTHA BINFORD, respectfully requests judgment be entered against Defendant, STERLING AND KING, INC., for the following:

   a. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15U.S.C. §1692k;*
   b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*; and
   c. Any other relief that this Honorable Court deems appropriate.

-5-

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CYNTHA BINFORD, demands a jury trial in this cause of action.

DATED:  October 6, 2010                                    Respectfully Submitted,
                                                                              **CYNTHA BINFORD**


                                                                              By:  /s/Lee Cassie Yates
                                                                              Lee Cassie Yates – Atty No. 91821
                                                                              Attorney for Plaintiff
                                                                              KROHN & MOSS, LTD.
                                                                              120 West Madiosn Street, 10th Floor
                                                                              Chicago, Illinois  60602
                                                                              (312) 578-9428

VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY      )
                       ) ss.
COUNTY OF JEFFERSON    )

Plaintiff, Cyntha Binford, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Cyntha Binford